```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES MURTHA,

                        Plaintiff,
        v.                                                    MEMORANDUM
                                                              OPINION AND ORDER

NEW YORK STATE GAMING COMMISSION,                             17-CV-10040 (PMH)
BRIAN BARRY, STEPHANIE WOLF, and
THOMAS KOTARSKI,

                        Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On July 14, 2020, Magistrate Judge Lisa Margaret Smith held a status conference during which discovery disputes between the parties were resolved on the record and subject to an oral ruling (the "Order"). (*See* July 14, 2020 Min. Entry). On July 28, 2020, Plaintiff filed an Objection to Judge Smith's Order pursuant to Fed. R. Civ. P. 72. (Doc. 43). Specifically, Plaintiff challenges Judge Smith's determination that Defendant need not produce certain partially redacted emails[1] in unredacted form. (Doc. 43-5, "Pl. Br." at 2). Additionally, Plaintiff asks the Court to review *in camera* other partially redacted emails that were not subject to Judge Smith's Order and have not yet been reviewed by Judge Smith because allegedly "the issue among all emails and partial redactions is the same." (*Id.* at 3).

On August 11, 2020, Defendants filed their response to Plaintiff's Objection. (Doc. 46). For the reasons set forth below, the Court upholds and affirms Judge Smith's Order.

---

[1] According to the Transcript of the July 14 conference, Judge Smith ruled on the propriety of five redactions. (Doc. 43-3, "Tr." at 2:20–4:2). Judge Smith sustained three redactions and overruled two others. Judge Smith directed Defendant to produce the documents containing the two overruled redactions in unredacted form. (*Id.* at 4:3–4).

1

## STANDARD OF REVIEW

Magistrate Judge Smith's decision on the parties' discovery dispute was non-dispositive. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("Discovery matters are generally considered non-dispositive of litigation."). Fed. R. Civ. P. 72 permits a party to file objections to a non-dispositive decision of a magistrate judge within 14 days of the magistrate judge's order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Hudson Valley Hosp. Grp., Inc.,* No. 17-CV-5636, 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)). A decision is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Khaldei,* 961 F. Supp. 2d at 575). A magistrate judge's "rulings on discovery matters are entitled to substantial deference," and, therefore, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *U2 Home Entm't, Inc*., 2007 WL 2327068, at *1.

## ANALYSIS

Plaintiff objects to the portion of Judge Smith's Order which found that partial redactions of documents was proper and asks the Court to order, pursuant to Fed. R. Evid. 502, that Defendant produce the entirety of the redacted emails in unredacted form. Plaintiff argues that Defendants' production of the emails with partial redactions resulted

2

in a waiver of any privilege asserted as to the entirety of the partially redacted documents. (Pl. Br. at 4–5).

As an initial matter, the Court will not consider the propriety of Defendants' redactions on any documents that were not subject to Judge Smith's Order. On December 17, 2019, this case was referred to the magistrate judge for all pre-trial matters including discovery. (Doc. 36). It is not appropriate or proper for the Court to resolve any discovery dispute between the parties that has not yet been subject to a decision by the magistrate judge. *See Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003) (denying portion of Rule 72 objections in which the parties requested rulings on issues not subject to the magistrate judge's order because "[t]he Court has referred all discovery disputes in this case to [the magistrate judge] and he is in the best position to review them in the first instance."). Thus, the Court denies Plaintiff's request to review *in camera* any documents not subject to Judge Smith's Order.

As to Judge Smith's determination regarding the propriety of partial redactions that were subject to the Order, the Court finds that the Order was neither clearly erroneous nor contrary to the law. Thus, Plaintiff's Rule 72 application is denied.

Plaintiff argues that Defendants' production of partially redacted documents "constitutes a waiver of the attorney-client privilege as to those documents." (Pl. Br. at 4). Plaintiff is incorrect.

It is possible—indeed, common—that a document will contain some information protected by a privilege and some information that is not. In such a situation, production of the document with partial redactions is proper. The production of a partially redacted document does not effectuate a privilege waiver over the entire document. *Shinnecock*

3

*Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 363 (E.D.N.Y. 2009) ("[T]he production of a document in redacted form does not automatically waive the protection as to its whole or to related documents.").

A privilege may be deemed waived when privileged information is voluntarily disclosed. *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060, 2019 WL 1259382, at *6 (S.D.N.Y. Mar. 19, 2019) (finding privilege may be waived when "the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication over which the privilege is claimed."). Indeed, when "there has been a selective disclosure of attorney-client communications in the litigation, courts typically find the party has waived privilege as to all documents pertaining to the subject disclosed." *Id.* (citing *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923, 2017 WL 1233842, at *16–18 (E.D.N.Y. Mar. 31, 2017)). Here, Plaintiff does not argue that there has been a disclosure of any attorney-client protected information. Rather, Plaintiff argues that production of non-privileged portions of emails waives protection over the privileged portions of the email. Not so. *See Shinnecock Indian Nation,* 652 F. Supp. 2d at 363. Plaintiff's premise is flawed. Plaintiff cites to no legal authority for such a rule and the Court is unaware of any such rule.

Thus, Plaintiff has failed to meet the stringent review standard of Fed. R. Civ. P. 72(a). Judge Smith's decision that Defendants need not produce documents in unredacted form which contained proper partial redactions based upon the attorney-client privilege is not clearly erroneous or contrary to the law. Accordingly, the Court affirms and upholds Judge Smith's Order.

## **CONCLUSION**

Plaintiff's request that the Court overrule Magistrate Judge Smith's Order is DENIED.

SO ORDERED:

Dated: New York, New York
September 9, 2020

_____
Philip M. Halpern
United States District Judge