STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

> Application granted. the Clerk is directed to terminate ECF No. 61.
>
> SO ORDERED.
>
> Philip M. halpern, U.S.D.J.
>
> Dated: White Plains, NY
> February 16, 2021

Writer's Direct

February

**Via ECF**
The Honorable Philip M. Halpern
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *Murtha v. New York State Gaming Commission et al.*, No. 17-cv-10040 (**PMH**)

Dear Judge Halpern:

The Office of the Attorney General represents defendants Brian Barry, in both his individual capacity and his official capacity as Director of Racing Officials for the New York State Gaming Commission, Dr. Stephanie Wolf, in her individual capacity, and Thom Kotarski, in his individual capacity (together, "Defendants") in the above-referenced matter. We write pursuant to Your Honor's Individual Rules 5(B) to request permission from the Court that information relating to Plaintiff's medical records be filed under seal.

Defendants today filed their pre-motion conference letter for their anticipated motion for summary judgment. In Defendants' Rule 56.1 Statement of Undisputed Material Facts, Exhibit 1 to that letter, certain factual assertions quote from or summarize medical records of Plaintiff James Murtha. The medical records cited consist of either records received by Defendants pursuant to a Health Insurance Portability and Accountability Act release signed by Plaintiff during the course of discovery in this matter, or were produced by Defendants in this action from the New York State Gaming Commission's records relating to Plaintiff's workers' compensation case.[1] Minimal redactions have been made in the Rule 56.1 Statement to account for those statements of Plaintiff's medical records. Specifically, paragraphs 78-81 and 100-104 have redactions of statements made in medical records or summarizing Plaintiff's medical records. The undersigned conferred with Plaintiff's counsel to assess the need for protecting this information from public viewing, and Plaintiff has confirmed that he desires that this information be filed under seal.

---

[1] Ultimately, Defendants anticipate providing the cited documents to the Court as exhibits in support of their motion for summary judgment.

Hon. Philip M. Halpern  Page 2 of 2
February 12, 2021

      Medical records are of the type of document warranting caution before being placed on the public docket. See, e.g., Valentini v. Group Health Incorporated, 2020 WL 7646892, 20-CV-9526 (JPC), at *2 (S.D.N.Y. Dec. 23, 2020). Defendants have narrowly tailored the request by partially redacting selected paragraphs within the document. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). As required by Your Honor's Individual Rules, Rule 5(B), Defendants are also filing the unredacted document under seal, highlighting those portions of the document that have been redacted in the public filing.

Thank you for your assistance in this matter.

                                                Respectfully submitted,

                                                */s/ Rene F. Hertzog*
                                                Rene F. Hertzog
                                                Assistant Attorney General

cc: **Via ECF**
    Counsel of Record